# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MELISSA KIRK, | )<br>)<br>) |
| Plaintiff, | )    Civil Action No.: 12-cv-440<br>) |
| v. | )<br>)    Jury Trial Demanded |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | )<br>) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

[1]

## PARTIES

4. Plaintiff, Melissa Kirk (hereinafter referred to as "Plaintiff" and/or "Ms. Kirk"), is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Defendant" and/or "PRA") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Virginia. PRA may be served by personal service upon its registered agent, to wit: National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37223.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

7. PRA uses mail in its business.

8. PRA uses telephone communications in its business.

9. The primary purpose of PRA's business is the collection of debts.

10. PRA regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

11. PRA is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

12. PRA has alleged that Ms. Kirk incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as

[2]

that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by GE Money Bank F.S.B. / JC Penney.

        13.      Sometime prior to April 16, 2011, Plaintiff's debt was sold or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect this debt.

        14.      On April 16, 2011, PRA sent Ms. Kirk a letter attempting to collect on the GE Money Bank F.S.B. / JC Penney account with the assigned PRA Account / Reference Number ending in 5867 and claiming the balance due on the account as $2,010.63 (see attached Exhibit A).

        15.      On August 22, 2011, PRA sent Ms. Kirk another letter attempting to collect on the same GE Money Bank F.S.B. / JC Penney account with the assigned PRA Account / Reference Number ending in 5867 and claiming the balance due on the account as $2,081.10 (see attached Exhibit B).

        16.      On January 11, 2012, PRA executed an Affidavit stating that the account was sold to PRA on March 31, 2011. The affidavit goes on to assert:

> According to the records transferred to [PRA] from [GE Money Bank F.S.B. / JC Penney], and maintained in the ordinary course of business by [PRA], there was due and payable from MELISSA KIRK ("Debtor") to [GE Money Bank F.S.B. / JC Penney] the sum of $2,009.53 with respect to account number (************5867), as of February 20, 2011 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

(see attached Exhibit C).

        17.      The January 11, 2012 Affidavit further asserts: "According to the records of [PRA], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date

[ 3 ]

of sale, [PRA] claims the sum of $2,009.53 as due and owing as of the date of this affidavit [January 11, 2012] (see attached Exhibit C).

18. On February 1, 2012 PRA issued a Civil Summons in Knox County General Sessions Court for the State of Tennessee. Said case is docketed as 6439H and styled as Portfolio Recovery Associates, LLC v. MELISSA KIRK. The Civil Summons claims to be a civil action brought by: "Portfolio Recovery Associates, LLC as assignee of GE MONEY BANK F.S.B. / JC PENNEY in the amount of $2,009.53 plus prejudgment interest from the time of assignment, court cost and post judgment interest, an amount under $25,000." (see attached Exhibit D).

19. Ms. Kirk is confused as to what amount PRA is actually pursuing, what rate of interest they are charging, whether they are assessing fees, etc….

20. PRA's letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

21. Ms. Kirk asserts that she has made no payments on her GE Money Bank F.S.B. / JC Penney account since before April 16, 2011, and thus the balance should never have decreased after that date.

22. PRA has never provided a copy of the original GE Money Bank F.S.B. / JC Penney contract signed by Ms. Kirk to determine the applicable rate of interest.

23. In these communications to Ms. Kirk, PRA violated the Fair Debt Collection Practices Act.

24. Ms. Kirk has complied with all conditions precedent to bring this action.

[ 4 ]

# CAUSES OF ACTION

## FIRST VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS IN ATTEMPT TO COLLECT A DEBT

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

- The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

- The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

26. Each written correspondence from PRA demanded different amounts from Ms. Kirk. A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a different amount of interest and none of them applied the contractual rate of interest.

27. Ms. Kirk's confusion as to the amount owed is exemplified through the facts that the amounts asserted vary from the initial PRA letter seeking the amount of $2,010.63 on April 16, 2011; to the second PRA letter demanding the amount of $2,081.10 as of August 22, 2011; to PRA's affidavit dated January 11, 2012 claiming the same amount of $2,009.53 as being due as of February 20, 2011 and January 11, 2012; and finally the Civil Summons from PRA dated February 1, 2012 seeking the amount of $2,009.53 plus an unknown amount of interest and costs.

28. Ms. Kirk asserts that the differing demands by PRA is an attempt to keep her

confused as to the amount that is actually owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

29. By attempting to collect varying unknown and unauthorized interest amounts through false and deceptive communications, PRA has confused Ms. Kirk as to what amount of money she owes on this account and the legal status of the account.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

30. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA also include, but are not limited to, the following:

- The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

31. Without a written contract signed by Ms. Kirk, PRA may not recover attorney's fees or a contract rate of interest on the underlying debt. ***Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)**)).

32. Upon information and belief, Ms. Kirk asserts that PRA has not applied the applicable contractual rate of interest for her defaulted GE Money Bank F.S.B. / JC Penney account.

33. By asserting a balance that varied in each of the collection attempts, specifically

assessing an inconsistent rate of interest, fees or charges on each collection letter, the affidavit, and the Civil Summons, PRA has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

34. PRA's collection of varying amounts, which are less than previously demanded by PRA and accrue interest or fees at an incalculable rate, are collection attempts for amounts not expressly authorized by the agreement.

35. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

[ 7 ]

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted on this, the 22nd day of August, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868

[ 8 ]